07-22508.o1

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  07-22508-CIV-MARTINEZ-BROWN

WEST TREND, INC., a California corporation,

      Plaintiff,

vs.

MARCO DESTIN, INC., a Florida corporation,
et al.,

      Defendants.

_____/

## ORDER RE: PLAINTIFF'S MOTION TO COMPEL

**THIS MATTER** is before this Court on Plaintiff's Motion to Compel Discovery responses ..., filed April 11, 2008.  The Court has considered the motion, the response, the reply, and all pertinent materials in the file. The parties should pay careful attention to the next four (4) paragraphs..."forewarned is forearmed".

The Court is disturbed to find this motion ... and the response ... more about lawyering and less about discovery to establish the merits or lack thereof, of the parties' positions.  The adversary system has bounds, and officers of the Court need to recognize and adhere to them.  For example, the discovery motion contains as "Reason Assigned for Supporting West Trend's Motion to Compel," in many cases - simply "Defendant failed to produce documents responsive to this request" ...even where objections to same were made (see e.g document request 43).  That hardly can be said to support the motion to compel so as to overrule an objection.

There is some suggestion in this motion that plaintiff sought everything it could dream of and, after some materials were produced but others objected to, simply decided that there's nothing to lose

1

by trying to get everything else from the Court, and even if some of the requests are on the marginal side, so be it.

Lest defendant rejoice in plaintiff's "scolding," defendant needs to understand (and probably does) that a request for production of documents is to be timely responded to with documents, not with a promise to produce sometime in the undefined future. If more time is needed, the proper procedure is to seek same from opposing counsel or, if that proves unsuccessful, from the Court. Either, if granted, would produce a defined future.

Finally, in this "general regard, since the parties want to spent as much if not more time squabbling over the compliance or lack thereof with Local Rule 7.1.A.3, henceforth, any motion regarding discovery shall set forth in detail the specific efforts to comply with the rule and the specific results thereof.

Turning to the particular matters at issue, it is **ORDERED AND ADJUDGED** as follows:

1. With regard to interrogatory 3, the motion is **GRANTED.** The Court finds the response "convenient" but questions its accuracy. The Court has no doubt that the persons identified have the requisite knowledge, but finds it hard to believe that these persons constitute "every person...to have any knowledge...of the manufacture, promotion, offering to sell, and sale" of the allegedly infringing T-shirts (emphasis added). A supplementary response shall be filed clarifying same or adding appropriate disclosures.

2. With regard to interrogatory 4, the promised supplementary answer shall be filed.

3. With regard to document requests 10, 24, 25, 29, 31,48 the motion is **DENIED**. The responses are satisfactory.

4. With regard to document requests 1,4, 6,7,8, 36, 47 the motion is **GRANTED**, based on the responses which include a promise to produce.

5. With regard to document requests 38, 39, and 40, the motion is **GRANTED**. When all

2

the gibberish is decoded, there is no good reason why there has been no compliance.

6.  With regard to document requests 2, 5 the motion is **GRANTED**. Based on the supplementary responses, another one shall be filed producing the documents or unequivocally stating there are none.

7.  With regard to document requests 3, 9, 11, 13, 15, 17, 20, 23, 26, 28, 33,37, 41,42,43,46 the objections thereto are **SUSTAINED**.

8.  With regard to document request 12, the motion is **GRANTED**. The purported response is not responsive.

9.  With regard to document request 49, the motion is **GRANTED**. The fact that "[D]efendant has its own outstanding discovery requests to the Plaintiff ... so far the Plaintiff has frustrated that discovery ..." is neither a response nor an objection. It is a meritless excuse.

10.  The interrogatories shall be answered on or before Wednesday, June 11, 2008.

11.  The documents to be produced and/or the supplementary responses shall be served on or before Friday, June 13, 2008.

12.  Defendant's request for hearing (D.E. 27 at page 16) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2d day of June, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Jose E. Martinez
      Counsel of record

3